UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tara JONES,<br><br>                      Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION<br><br>                      Defendant. | Case No.: 19-cv-2288-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2), DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND CLOSING THE CASE, WITH LEAVE TO AMEND** |

Plaintiff moves to proceed in forma pauperis (IFP). While plaintiff qualifies to proceed without paying the initial filing fee, her complaint fails to state a claim for relief. So, the Court grants plaintiff's IFP motion but dismisses the complaint without prejudice.

## Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a $400 filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here plaintiff lists household living expenses as $1,360 and apparently has no income. (ECF No. 3, at 2, 4.) Plaintiff is not currently employed. (*Id.* at 2.) She has no cash on hand, does not own a vehicle, and has no money in a bank account. (*Id.* at 2-3.) In light

1

19-cv-2288-AGS

of the foregoing, the Court finds that plaintiff has sufficiently shown an inability to pay the initial $400 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint fails to state a claim, as her allegations meet none of these requirements. (*See* ECF No. 1, at 2-3.) Instead, the complaint states only that "[t]his case is filed for denial of social security benefits" and that she seeks reversal of that decision. (*See id.* at 2-3.) This is not enough detail to allow the Court to determine what her specific disagreements with the Social Security Administration really are. And although surviving § 1915(e) is a "low threshold," plaintiff is still required to plausibly allege that she is disabled by identifying her purported disability and suggesting why she is entitled to relief. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see also Lenz v. Colvin*, No. 16-cv-1755-JLS (PCL), 2016 WL 5682557, at *2 (S.D. Cal. Oct. 3, 2016) ("In social security appeals, a complaint challenging the denial of benefits 'must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security

Administration's determination and must make a showing that the plaintiff is entitled to relief.'" (citation omitted)).

## Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. But the complaint fails to state a claim and thus is dismissed without prejudice under § 1915(e). The Clerk is directed to close the case. Plaintiff may automatically reopen the case by submitting an amended complaint by January 4, 2020.

Dated: December 5, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge