UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA J.,<br><br>                              Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No.:  19-cv-2288-TWR-AGS<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S SUMMARY-JUDGMENT MOTION (ECF 27)** |

Despite claimant's 100% disability rating from the Department of Veterans Affairs, a Social Security judge found claimant was not disabled. The question is whether the judge properly rejected the VA's 100% rating.

## BACKGROUND

After her honorable discharge from the Navy, plaintiff Tara J. developed "a service-connected disab[ility]" that the VA "evaluated at 100 percent." (AR 22.) The VA also individually rated Tara's impairments, including major depressive disorder (rated at 70%), asthma (60%), and four other conditions (30% or less). (AR 22, 155, 1148-49.)

When Tara later applied for Social Security disability benefits, an Administrative Law Judge concluded that her depression, asthma, anxiety, and spinal disorder were "severe" impairments. (AR 17, 19.) But the ALJ also found that Tara could do "medium work" with "postural limitations," performing "nonpublic[,] simple[,] repetitive tasks." (AR 21-22.) So, the ALJ ruled that Tara was employable and not disabled.

## DISCUSSION

On appeal, Tara contends that the ALJ erred by, among other things, discrediting her 100% VA disability rating.

**A.    The VA's Disability Rating**

ALJs must assign "great weight to a VA determination of disability," unless they provide "persuasive, specific, valid reasons for [not] doing so that are supported by the

1

record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).[1] The ALJ here discounted Tara's 100% disability rating for four reasons, none of which were "persuasive, specific, [or] valid." *See McCartey*, 298 F.3d at 1076.

First, the ALJ noted that the Social Security Administration and the VA do not use "the same procedures" or "criteria" to determine disability, that the two agencies' disability determinations are "not interchangeable," and thus that "the VA disability rating is not an unemployability assessment under Social Security Regulations." (AR 23.) But the Ninth Circuit has rejected this exact rationale, holding instead that "[t]he VA criteria for evaluating disability . . . translate easily into SSA's disability framework." *McCartey*, 298 F.3d at 1076; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*."); *Kevin B. v. Berryhill*, No. 3:18-cv-00609-W (RNB), 2019 WL 3344626, at *8 (S.D. Cal. July 25, 2019) ("[The argument that] the VA rating was not an unemployability assessment . . . cannot be reconciled . . . with the Ninth Circuit's [*McCartey*] holding."), *adopted*, 2019 WL 5098875 (S.D. Cal. Aug. 12, 2019). The supposed difference in the two programs was not a valid reason to reject Tara's VA rating.

Second, the ALJ questioned the VA rating because it "was not based on a comprehensive evaluation of the evidence available herein," but never elaborated on this conclusory assertion. (AR 23.) The Ninth Circuit requires "[m]uch more specific reasoning" because such perfunctory conclusions do not "meaningfully allow for judicial review." *Vardaman v. Saul*, 772 F. App'x 606, 607, 607 n.1 (9th Cir. 2019) (reversing an ALJ's conclusory determination that the "VA rating is not consistent with the evidence"); *see also Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1348 (M.D. Fla. 2018)

---

[1] The Social Security regulation at issue in *McCartey* was later amended effective March 27, 2017. *See* 20 C.F.R. § 404.1504. Because Tara filed her claim on March 10, 2017 (AR 17)—before the new regulation's effective date—the *McCartey* rule still applies.

(describing as "cursory treatment" and "legal error" an ALJ's "perfunctor[y]" statement that "the medical evidence generally undermines the VA's [100%] rating" (quotation marks omitted)); *cf. Valentine*, 574 F.3d at 695 (upholding an ALJ's reasoning that "the VA's [disability] determination was not based on a comprehensive evaluation of the evidence available" when the ALJ made it "clear" that the VA rating "rested on [a doctor's] opinion that the ALJ rejected"). The ALJ never specified what evidence the VA overlooked (or what evidence was unavailable to the VA) that undermined its rating. That specificity is required for meaningful judicial review. *See Vardaman*, 772 F. App'x at 607. And this Court may not indulge in "*post hoc* rationalizations that . . . intuit what the adjudicator may have been thinking." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Thus, the generalized rationale here cannot justify discounting the VA rating.

Third, the ALJ minimized the rating because "none of the conditions the VA rates is anywhere near the level of disabling impairment by Social Security Standards." (AR 24.) But the ALJ is simply wrong. To be deemed totally disabled or unemployable under the VA scheme, a claimant needs at least a 60% rating for a single disability or a 70% combined rating for multiple disabilities. *See* 38 C.F.R. § 4.16(a). Tara had both. Her combined rating was 100%, and she had not one, but two disabilities that were above the 60% single-impairment threshold for unemployability: her asthma (60%) and major depressive disorder (70%). (AR 22, 1148.) Under *McCartey*, this total-disability finding was entitled to "great weight" due to the "marked similarity" between the VA and Social Security disability inquiries. 298 F.3d at 1076. The ALJ's implication that "standards" differ between these "two federal disability programs" is not a "persuasive, specific, [or] valid reason[]" to discredit the VA rating. *See id*.

Finally, the ALJ editorialized that most of the VA's listed impairments were in the "almost not relevant category," presumably referring to the four conditions rated at 30% or below. (*See* AR 24-25, 1148-49.) Even if these had been Tara's *only* VA ratings, an ALJ cannot disregard a VA determination by summarily branding it "not relevant." *See Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018) (holding that an ALJ's finding that the VA

3

rating "doesn't matter" and "has no bearing" was not a "persuasive, specific, and valid reason[] for rejecting it").

So, the ALJ erred in rejecting Tara's 100% disability rating.

## B. Harmless Error

Even when the ALJ errs, "we must affirm if the error is harmless." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). An error is harmless when it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The mishandling of the VA rating here cannot be considered inconsequential. Tara's combined rating is a totally disabling 100%, and she also has two individual impairments that each qualify under the VA scheme as fully disabling. (AR 22, 1148-49.) If the ALJ had given these ratings great weight, he might have included additional limitations in Tara's residual functional capacity that would make her unemployable, such as including breaks for "psychologically based symptoms" or the "need to use the nebulizer for [her] asthma" that would take her "off task for 15 percent of the work day." (*See* AR 61.) Failing to appropriately "discuss and weigh the VA's disability rating . . . require[s] remand so that the ALJ can properly consider and weigh them in light of the other evidence in the record." *Conklin v. Colvin*, No. 2:15-CV-1616-CKD, 2016 WL 5791648, at *5 (E.D. Cal. Oct. 3, 2016).[2]

## C. Remedy

When "the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). But when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The record here raises such "serious doubt." The ALJ correctly

---

[2] As the VA-rating error alone requires reversal, the Court need not address Tara's remaining arguments on appeal.

noted that, despite the VA rating, a consultative psychiatric examiner graded Tara's employment restrictions as "mild" or "no impairment" in each rated category. (*See* AR 1063.) The VA did not have the benefit of this review when considering Tara's impairments. (*Compare* AR 155 (April 10, 2017 VA letter confirming 100% disability), *with* AR 1058 (June 28, 2017 examination).) Similarly, the ALJ correctly noted that Tara's asthma was often "controlled with medications and inhaled nebulizer treatment" throughout the record. (AR 22; *see, e.g.*, AR 52-53, 177, 198, 232, 873.) Thus, further proceedings are needed to determine whether, after an appropriate weighing of the VA's rating, Tara is in fact disabled. *See Garrison*, 759 F.3d at 1021.

## CONCLUSION

Because the ALJ did not properly weigh the VA's 100% disability rating, the Court recommends that Tara's summary-judgment motion be **GRANTED** and that the case be **REMANDED** for further proceedings. The parties must file any objections to this report by September 8, 2021. *See* 28 U.S.C. § 636(b)(1). A party may respond to any objection within 14 days of receiving it. Fed. R. Civ. P. 72(b)(2).

Dated:  August 25, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge